IN IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JANESLY LAFORTUNE,

    Plaintiff,

v.

LANIER HOME RESTORATION GROUP, CORP. and LESLIE CORELY,

    Defendants.

Case No. 2:24-cv-00159-SCJ

### PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Jansely LaFortune files this *Motion for Leave of Court to File Second Amended Complaint.* In support of his motion, Plaintiff shows the Court as follows:

**I.    Factual Background**

Plaintiff filed his first Complaint on July 11, 2024, asserting claims under the Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.*, ("FLSA") and claims under Georgia state law. (Doc. 1.) Defendants filed a motion seeking to dismiss Plaintiff's Complaint and Plaintiff amended his Complaint. (Docs. 10 and 17). In response to Plaintiff's Amended Complaint, Defendant filed another motion to dismiss, as well as an Answer, on May 21, 2025. (Docs. 18 and 19). On June 11, 2025, Defendants

1

filed an Amended Answer and asserted counterclaims against Plaintiff for breach of fiduciary duty of loyalty, unjust enrichment, and conversion. (Doc. 21.)

Plaintiff now seeks leave from the Court to file his Second Amended Complaint, attached hereto as Exhibit A, only to add a newly arising claim of retaliation in violation of the FLSA.

## II.   Legal Standard

Under Rule 15(a), leave to amend shall be "freely give[n] when justice so requires." This policy is supported by the Supreme Court's statement in *Foman v. Davis* that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [his] claim on the merits." 371 U.S. 178, 182, (1962). Even though the decision whether to grant or deny leave to amend is within the discretion of the District Court, leave should only be denied for reasons such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the opposing party, or futility. *Id*. "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999).

## III.   Argument

Plaintiff's motion satisfies the liberal amendment standard of Rule 15. Plaintiff's Second Amended Complaint is not filed with undue delay or with dilatory motive, as he files this Motion within 21 days of Defendant Lanier Home asserting counterclaims against him and after first requesting Defendants' consent to file the Second Amended Complaint. Doc. 21. Further, no scheduling order has been entered in this matter. Moreover, Plaintiff does not seek to amend his Complaint in bad faith or to correct a previous failure to amend, because his claims for retaliation did not arise until Defendant Lanier Home asserted counterclaims against him in their Amended Answer and Counterclaims which was not filed until June 11, 2025. Doc. 21.

Furthermore, permitting Plaintiff to file his Second Amended Complaint does not result in undue prejudice against any Defendant and is not futile, as he only seeks leave to amend to add a new claim of retaliation under the FLSA, which did not arise until after Defendants filed their Amended Answer and Counterclaims. Doc. 21; Exhibit A. Because Plaintiff's claim for retaliation is based upon Defendant Lanier Home asserting counterclaims against him and because those counterclaims were not filed until after Plaintiff filed his first Amended Complaint, Plaintiff could not have brought those claims prior to the amendment he now seeks.

### IV. Conclusion

In accordance with the above, Plaintiff's motion to amend his Second Amended Complaint should be granted. Plaintiff respectfully requests that his Amended Complaint, a copy of which is attached as Exhibit A, be deemed served upon the existing parties upon the granting of Plaintiff's motion.

Respectfully submitted: July 2, 2025.

*/s/ William S. Cleveland*
William S. Cleveland
Georgia Bar No. 721593
william@guilmettehenderson.com

**GUILMETTE HENDERSON, LLC**
1355 Peachtree Street NE, Suite 1125
Atlanta, GA  30309
**T:** (833) 377-3060

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel hereby certifies that ***Plaintiff's Motion for Leave of Court to File Second Amended Complaint*** has been prepared using Times New Roman 14-point font, as approved by Local Rule 5.1C.

## CERTIFICATE OF SERVICE

I further certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all attorneys of record.

Respectfully submitted this 2nd day of July 2025.

/s/ William S. Cleveland
William S. Cleveland
Georgia Bar No. 721593
william@guilmettehenderson.com